M. E. W. Dunnaway, *et al.*, *v.* State, for use of Matthew Sharon, Adm'r.

M. E. W. Dunnaway, *et al.*, *v.* State, for use of Matthew Sharon, Adm'r, etc.

New Trial. *Affidavit.* The entire jury made affidavit that they had based their verdict upon a certain state of facts. These facts were not in issue, and not in proof before them, and on which the Court had given them no instructions. The verdict was sustained by the facts properly in proof under the issue.

*Held,* There was no error in disregarding the affidavit, and refusing a new trial.

FROM BEDFORD.

Appeal from the Circuit Court. J. W. Phillips, Judge.

Wisener & Sons for Dunnaway.

E. Cooper for Sharon, Administrator.

Nicholson, C. J., delivered the opinion of the Court.

This was an action of covenant in the Circuit Court of Bedford County, on the bond of Raney, as constable, against him and his sureties. The bond of 1858. Breaches assigned, not making due return of execution, and not paying over money collected. Judgment for plaintiff for $176, and motion for new trial overruled, and appeal taken to this Court. The motion for a new trial was based on the affidavit of the entire jury, in which they say, they found for the plaintiff

on the execution issued by Richard Phillips, Esq., on the 13th of April, 1860, and upon the bond executed, as they supposed, on the 14th of April, 1860, when his first term expired. They would not, and did not find on the bond of the 13th of April, 1858."

It appears, in proof, that the constable was in default in not paying over money collected on the 25th of February, 1859, and satisfied in full April 2d, 1859. He was sued on his bond, dated April 5th, 1858.

For this default defendants sought to show a waivor or release, by reading a letter of plaintiff, dated April 2d, 1860, in which he authorized the constable to return an execution in his hands against J. F. Neil & Co., and ordered him to take out an alias execution and proceed to make the money.

The Circuit Judge instructed the jury, "that if the plaintiff intended by this letter, when viewed in connection with all the facts and circumstances, to waive his right of action for the previous default of the constable, then they should find for defendants."

The jury found for plaintiff, but say, on their affidavit, that they believed plaintiff had waived his right of action on the default under the bond of April, 1858, but that he was liable for his default under his bond of April 14, 1860, executed upon his re-election, whereas he was not sued on that bond, and there was no evidence that there was any default under that bond, and no charge of the Court applicable to such a bond and such a default.

The Circuit Judge refused to consider the affidavit of the twelve jurors, and very properly. The affidavit is extraordinary in two respects, in being made by the entire jury, and in stating that their verdict was based upon a state of facts not in issue, and not in proof before them, and on which the Court had given them no instructions.

The verdict was sustained by the facts properly in proof under the issue, and, therefore, the Circuit Judge committed no error in disregarding the affidavit of the jurors, and in refusing a new trial.

Judgment affirmed.